**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATCH OF LAND LENDING, LLC,    :    CIVIL ACTION NO. 17-0027 (JLL)

    Plaintiff,    :    **OPINION & ORDER**

    v.    :

1289 HUDSON, LLC, et al.,    :

    Defendants.    :

---

**LINARES, District Judge**

**IT APPEARING THAT:**

1.    This is an action to foreclose upon a commercial mortgage and to recover the amount due thereunder. (See dkt. 1 through dkt. 1-6; dkt. 17; dkt. 17-1.)[1] The plaintiff has named the following defendants:

    (a)    1289 Hudson, LLC;

    (b)    Christian D. Chavez;

    (c)    Sangeetha Kuppuswami; and

    (d)    Slava Brin.

2.    The Court possesses diversity jurisdiction over this action. (See dkt. 1 at 5–8 (setting forth the citizenship of each party).) See 28 U.S.C. § 1332; see also Nat'l

---

[1]    The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

City Mortg. Co. v. Stephen, 647 F.3d 78, 82 (3d Cir. 2011) (holding that "[a]lthough foreclosure actions are more common in state court, the District Court had diversity jurisdiction"); id. at 80 n.2 (stating that mortgage foreclosure actions are becoming more common in the federal courts).[2]

3.     Currently pending before the Court are the plaintiff's three separate motions pursuant to Federal Rule of Civil Procedure 55(b)(2) for the entry of default judgment against 1289 Hudson, LLC, Chavez, and Brin. (See dkt. 18 through dkt. 18-4 (concerning 1289 Hudson, LLC); dkt. 19 through dkt. 19-4 (concerning Chavez); dkt. 20 through dkt. 20-4 (concerning Brin).) Defaults were entered against those three aforementioned defendants before the plaintiff filed the three motions. (See unnumbered docket entry following dkt. 14.) See Fed.R.Civ.P. 55(a). The plaintiff has demonstrated that it has served the three motions upon the defendants by providing certificates of service. (See dkt. 18-4; dkt. 19-4; dkt. 20-4.)

4.     However, Kuppuswami has appeared *pro se* in this action, and she has participated in this litigation by filing an answer. (See dkt. 21.) The plaintiff has not moved for any relief against Kuppuswami.

---

[2]     The plaintiff's predecessor entity initially brought the foreclosure claims in New Jersey state court against 1289 Hudson, LLC, Chavez, Kuppuswami, and Brin in August 2016. See N.J. Dkt. No. F-22108-16. On January 3, 2017, the foreclosure claims were withdrawn from state court, and were then brought in federal court.

5. The decision to either enter a default judgment or refuse to enter such a judgment rests in the Court's discretion. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

6. It is apparent that the plaintiff intends to continue to prosecute the action against Kuppuswami, because the plaintiff has not withdrawn the claims that are asserted against her. Thus, a default judgment entered against 1289 Hudson, LLC, Chavez, and Brin at this juncture would not end this litigation, thereby giving rise to piecemeal litigation, the possibility of a double recovery for the plaintiff, and the danger of a logically inconsistent determination as to Kuppuswami.

7. Therefore, the Court grants the parts of the three motions that seek the entry of default judgment only on the issue of liability against 1289 Hudson, LLC, Chavez, and Brin, and administratively terminates the parts of the three motions that seek the entry of default judgment against those defendants on the issue of damages.

8. The plaintiff may seek a judgment on the issue of damages against 1289 Hudson, LLC, Chavez, and Brin when appropriate, i.e., when the liability of Kuppuswami has been ascertained. See Fed.R.Civ.P. 55(b)(2) (stating that a district court may conduct a hearing in order to properly effectuate a default judgment). If the plaintiff eventually moves again for judgment on the issue of damages, then the plaintiff should be sure to file a proposed order that specifically sets forth the extent to which any of the defendants are jointly and severally liable for any monetary amounts owed.

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this _____*1ST*_____ day of May, 2017, **ORDERED** that the plaintiff's motion for the entry of default judgment against the defendant 1289 Hudson, LLC **(dkt. 18)** is resolved as follows:

**GRANTED TO THE EXTENT** that it seeks the entry of default judgment on the issue of liability against the defendant 1289 Hudson, LLC, and

**ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE TO THE EXTENT** that it seeks the entry of default judgment on the issue of damages against the defendant 1289 Hudson, LLC, and with leave to the plaintiff to move for judgment on the issue of damages against the defendant 1289 Hudson, LLC, when appropriate; and it is further

**ORDERED** that the plaintiff's motion for the entry of default judgment against the defendant Christian D. Chavez **(dkt. 19)** is resolved as follows:

**GRANTED TO THE EXTENT** that it seeks the entry of default judgment on the issue of liability against the defendant Christian D. Chavez, and

**ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE TO THE EXTENT** that it seeks the entry of default judgment on the issue of damages against the defendant Christian D. Chavez, and with leave to the plaintiff to move for judgment on the issue of damages against the defendant Christian D. Chavez when appropriate; and it is further

**ORDERED** that the plaintiff's motion for the entry of default judgment against the defendant Slava Brin **(dkt. 20)** is resolved as follows:

**GRANTED TO THE EXTENT** that it seeks the entry of default judgment on the issue of liability against the defendant Slava Brin, and

**ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE TO THE EXTENT** that it seeks the entry of default judgment on the issue of damages against the defendant Slava Brin, and with leave to the plaintiff to move for judgment against the defendant Slava Brin on the issue of damages when appropriate; and it is further

**ORDERED** that default judgment is entered in favor of the plaintiff and against the defendants 1289 Hudson, LLC, Christian D. Chavez, and Slava Brin on the issue of liability only.


JOSE L. LINARES
United States District Judge